J-S12005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY COTTON | : | |
| | : | |
| Appellant | : | No. 1142 EDA 2019 |

Appeal from the PCRA Order Entered April 3, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0410701-1980

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                         Filed: June 25, 2020

Appellant, Leroy Cotton, appeals *pro se* from the April 3, 2019 order entered in the Philadelphia County Court of Common Pleas denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

Appellant was found guilty of second-degree murder, robbery, and criminal conspiracy after a bench trial held on March 12, 1982.[1] On June 29, 1982, the trial court sentenced Appellant to a term of life imprisonment without parole.  We affirmed the judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal on July 30, 1985.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(b), 3701, and 903, respectively.

*Commonwealth v. Cotton*, 487 A.2d 830 (Pa. Super. 1984), appeal denied, No. 318 E.D. Alloc. Dkt. 1985 (Pa. filed July 30, 1985).

Appellant filed his first *pro se* PCRA petition on March 22, 1990. Appointed counsel filed an amended petition alleging ineffective assistance of counsel. The PCRA court denied the petition on September 16, 1992. On January 28, 1994, this Court affirmed the denial of post-conviction relief, *Commonwealth v. Cotton*, 640 A.2d 470, 3257 PHL 1992 (Pa. Super. 1994) (unpublished memorandum filed January 28, 1994) and the Supreme Court denied allowance of appeal on June 20, 1994. *Commonwealth v. Cotton*, 647 A.2d 507, 141 E.D. 1994 (Pa. filed June 20, 1994).

On July 19, 2012, twenty-six years after his judgment of sentence became final, Appellant filed a second *pro se* PCRA petition, styled as a "Memorandum of Law."[2] In this pleading, Appellant asserted that he was entitled to a new sentencing hearing pursuant to the requirements outlined in the then-recent United States Supreme Court opinion in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without

---

[2] The PCRA court properly treated Appellant's Memorandum of Law as a PCRA petition. *See Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue for which the PCRA statute could provide relief is to be considered a PCRA petition). "This is true regardless of the manner in which the petition is titled." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (citation omitted).

the possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. ***Id.*** at 489. Appellant sought leave to amend the petition on December 19, 2013, and again on February 18, 2016. The PCRA court never ruled on these motions; nonetheless Appellant filed an amended petition on February 18, 2016. Therein, Appellant contended that his life sentence also was unconstitutional under ***Alleyne v. United States***, 570 U.S. 99 (2013). ***Alleyne*** held, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. ***Id.*** at 116. Appellant further averred that the holding in ***Alleyne*** was made retroactive under ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), which declared that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." ***Id.*** at 729.

Appellant also filed two supplements to the amended petition wherein he: 1) submitted that the statute under which he was sentenced was rendered unconstitutional by ***Alleyne***, Supplemental Petition, 5/26/16, at 1; and 2) directed this Court's attention to the holding in ***Commonwealth v. Ciccone***, 2016 PA Super 149, 3114 EDA 2014 (Pa. Super. filed July 12, 2016) (*en banc*)

(withdrawn), that **Alleyne** applied retroactively.[3] Supplemental Petition, 8/22/16, at 1.

The Commonwealth initially responded to Appellant's filings in a letter to the PCRA court stating that if Appellant was under age eighteen at the time of the murder, the Commonwealth agreed that PCRA relief should be granted by virtue of the holdings in **Miller** and **Montgomery**. Commonwealth's Answer, 10/25/16, at unnumbered 1. The Commonwealth, however, reserved the right to negate its recommendation if it "discover[ed] that this [Appellant] was not in fact under 18 years of age at the relevant time. . . ." **Id.** at unnumbered 1 n.1

On November 2, 2016, the Commonwealth exercised its right to withdraw its concession that PCRA relief was warranted in Appellant's case and informed the PCRA court that Appellant's matter was improvidently bundled with cases involving juvenile defendants. Miscellaneous Motion, 11/2/16, at unnumbered 1. In a follow-up letter brief, the Commonwealth explained that Appellant was not entitled to relief under **Miller** because "his

---

[3] The version of **Ciccone** referenced by Appellant was withdrawn after our Supreme Court decided **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), and held that **Alleyne** does not apply retroactively "to attacks upon mandatory minimum sentences advanced on collateral review." **Washington**, 142 A.3d at 820. In **Commonwealth v. Ciccone**, 152 A.3d 1004 (Pa. Super. 2016), we issued a superseding decision holding, consistently with **Washington**, that **Alleyne** does not apply retroactively to cases pending on PCRA review. **Ciccone**, 152 A.3d at 1006.

date of birth is March 17, 1962, and he had just turned 18 at the time of the crime." Commonwealth's Letter Brief, 4/13/16, at unnumbered 1.[4]

On July 27, 2017, Appellant simultaneously filed a motion for leave to amend his PCRA petition and a pleading titled, "Amended Answer to PCRA Court's Motion to Dismiss."[5] In both of these pleadings, Appellant referenced **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) ("**Batts II**"), wherein the Pennsylvania Supreme Court clarified that "there is a presumption against the imposition of a sentence of life without parole for a juvenile offender[,] and to rebut the presumption the Commonwealth "bears the burden of proving, beyond a reasonable doubt, that the juvenile offender is incapable of rehabilitation." **Commonwealth v. Machicote**, 206 A.3d 1110, 1115 (Pa. 2019) (quoting **Batts II**, 163 A.3d at 411).

On February 11, 2019, the PCRA court sent notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition, citing its untimeliness. Appellant filed a response wherein he claimed that the untimeliness was excused under 42 Pa.C.S. § 9545 (b)(1)(iii) because **Batts II** announced a new rule of constitutional law that he could not have

---

[4] Appellant does not dispute that he was over age eighteen when the murder was committed.

[5] Appellant obviously mischaracterized the nature of this pleading in that the PCRA court had yet to issue notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. The docket entry refers to this pleading as "Response to Commonwealth's Motion to Dismiss PCRA Petition." Docket Entry # 19.

previously raised. Also in his response, Appellant asserted for the first time that his life sentence violated the Pennsylvania Constitution's guarantees of due process, equal protection, and prohibition of cruel punishments. Answer to Commonwealth's Motion to Dismiss, 3/4/19, at 5–6.[6]

The PCRA court dismissed Appellant's petition as untimely on April 3, 2019. This timely appeal followed wherein Appellant presents the following question for our review: "Whether the lower court err[ed] in finding that Appellant's Post Conviction petition was an untimely filed second and subsequent PCRA petition?" Appellant's Brief at 1 (unnecessary capitalization omitted).

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary

---

[6] Appellant also mistitled this pleading. The Commonwealth filed its initial answer to Appellant's petition on October 25, 2016, which it supplemented by letter briefs dated November 11, 2016, and April 13, 2017. In the latter letter brief, the Commonwealth asserted that Appellant was not entitled to relief because he was not a juvenile when the crime was committed. Commonwealth's Letter Brief, 4/13/17, at unnumbered 1. Thus, if in fact Appellant's filing on March 4, 2019, was intended as a response to the Commonwealth's brief, it would be untimely.

It is logical to assume instead that Appellant's March 4, 2019 answer was a response to the PCRA court's February 11, 2019 notice of intent to dismiss the petition, and we will henceforth treat it as such. *See* Docket Entry # 30.

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). "The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019) (citation omitted); *see also Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (stating that a PCRA petition cannot be addressed unless the PCRA court has jurisdiction, and jurisdiction does not exist if the PCRA petition is untimely filed). In addition, "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Eller*, 807 A.2d 838, 845 (Pa. 2002).

Here, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 30, 1985. Thus, Appellant's judgment of sentence became final on September 30, 1985, when his time for seeking review with the United States Supreme Court expired. *See* U.S. Sup.Ct. Rule 13.[7] Appellant's instant PCRA Petition, which was filed almost twenty-seven years later, is facially untimely. *See* 42 Pa.C.S. § 9545(b)(3).

---

[7] U.S. Sup. Crt. Rule 13, effective January 1, 1990, was preceded by U.S. Sup. Crt. Rule 20.1, which is applicable to the instant case. In 1985, Rule 20.1 required the filing of a petition for writ of *certiorari* within sixty days of the order denying discretionary review by the state court of last resort.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S § 9545(b)(1)(i)-(iii). To establish an exception to the timeliness requirement, a petitioner must plead and prove: 1) the failure to raise the claim was the result of government interference; 2) the facts upon which the claim is predicated were unknown and could not have been discovered with due diligence; or 3) the right asserted is a Constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the section, and the court has held that it applies retroactively. *Id.* *See also Commonwealth v. Bennett*, 930 A.2d 1264, 1268 (Pa. 2009). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[8]

The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, but it did author an opinion explaining its rationale for dismissing Appellant's petition as untimely. The PCRA court rejected Appellant's

---

[8] We note that effective December 24, 2018, the period in which to file a petition invoking one of the three exceptions was extended from sixty days to one year. 42 Pa.C.S. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment arising December 24, 2017, or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his instant PCRA petition on July 19, 2012, this amendment does not apply.

argument that he met the exception to the timeliness dictates of the PCRA

outlined in 42 Pa.C.S. § 9545(b)(1)(iii) on the following basis:

> Petitioner attempted to satisfy the newly-recognized constitutional right exception, § 9545(b)(1)(iii), by invoking the new constitutional right announced in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). Although the United States Supreme Court in *Montgomery v. Louisiana*[,] 136 S.Ct. 718 (2016), *as revised* (Jan. 27, 2016) ruled that *Miller* has retroactive effect in cases on state collateral review, the *Miller* holding specifically limited itself to juveniles under the age of eighteen years at the time of the offense who were sentenced to a mandatory term of life imprisonment without parole. *Miller*, 132 S.Ct. at 2460. Although Petitioner was sentenced to life imprisonment, he was over the age of eighteen at the time of the offense, placing his sentence outside the reach of the Supreme Court's *Miller* decision.

> Petitioner additionally sought relief on the ground that his sentence was illegal in light of *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that any fact other than a prior conviction requiring imposition of a mandatory minimum sentence must be found beyond a reasonable doubt by the trier of fact. *Id.* at 2155. Petitioner argued that *Montgomery* rendered *Alleyne* retroactive to cases on collateral review. However, the decision in *Montgomery* is narrowly applied to the decision in *Miller*. Additionally, to date, the courts of this Commonwealth considering the issue have held that *Alleyne* does not apply retroactively. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral review"); *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that while *Alleyne* claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction).

> Lastly, Petitioner attempted to invoke the newly recognized constitutional right exception by citing to *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017). The Pennsylvania [Supreme] Court addressed in *Batts* the procedural requirements for sentencing a juvenile homicide defendant in light of the United States Supreme Court precedents in *Miller* and *Montgomery*. *Batts*, 163 A.3d at 443-44. The holding in *Batts* did not create a new constitutional law but rather applied the existing law as held by *Miller*.

> Furthermore, irrespective of whether *Batts* provided Petitioner with a new constitutional right, the Pennsylvania Supreme Court has never held *Batts* should be applied retroactively. Therefore, Petitioner's reliance upon the newly recognized constitutional right exception necessarily failed.

PCRA Court Opinion, 6/28/19, at 3–4 (footnotes omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

In his appellate brief, Appellant shifts his focus from the holdings of **Miller**, **Montgomery**, and **Alleyne** and instead attempts to overcome the PCRA's jurisdictional time-bar by claiming that **Batts II** created a new and retroactive constitutional right, which rendered his life without parole sentence illegal. Appellant's Brief at 4–5. This attempt fails. In **Batts II**, the Pennsylvania Supreme Court held that trial courts must apply a presumption against the imposition of life without parole sentences for juvenile offenders, which is rebuttable in cases where the juvenile is "incapable of rehabilitation" and "permanently incorrigible." **Batts II**, 163 A.3d at 416, 439. Thus, **Batts II** is inapposite to the instant case because Appellant was not a juvenile at the time he committed his crime. Further, even if **Batts II** were otherwise

- 10 -

applicable, our Pennsylvania Supreme Court has never held that its holding is a newly-recognized constitutional right or that it applies retroactively. Accordingly, Appellant cannot satisfy subsection 9545(b)(1)(iii)'s time-bar exception.

Appellant also argues that "the creation of two classes of offenders, one eligible for relief under [**Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016)] and one ineligible, based solely on the date their convictions became final" violates the Pennsylvania Constitution's guarantee of due process, equal protection, and prohibition on cruel punishments. **Answer to PCRA Court's Notice of Intent to Dismiss, 3/4/19, at 5–6.** [9] We must first consider whether Appellant has waived of this issue. Such analysis requires a brief review of Appellant's numerous filings in this matter.

After Appellant filed his initial petition, he sought leave to amend on three dates, December 19, 2013, February 18, 2016, and July 27, 2017. The 2016 motion to amend was accompanied by an amended petition. The July 2017 filing included the inaptly titled, "Amended Answer to PCRA Court's Motion to Dismiss." **See** n.5, *supra*. Additionally, on two other occasions,

---

[9] In **Wolfe**, the Pennsylvania Supreme Court recognized that the effect of **Alleyne** was "to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." 140 A.3d 654. The High Court then held that "the entire sentencing plan must be reevaluated in instances in which a defendant [successfully] challenges one of several interdependent sentences." **Id.** at 663.

May 26, 2016, and August 22, 2016, Appellant filed supplemental petitions. All of these additional pleadings were filed without leave of court. Nonetheless, in its February 11, 2019 Notice of Dismissal and its Pa.R.A.P. 1925(a) opinion, the PCRA court addressed the allegations raised in the amended and supplemental filings.

This Court has held that if a PCRA court does not strike the supplemental petitions or amended petitions filed without leave of court and considers these pleadings when it addressed the petitioner's arguments, the PCRA court implicitly permitted amendment under Pa.R.Crim.P. 905(A) (the PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice."). *Commonwealth v. Brown*, 141 A.3d 491, 503–504 (Pa. Super. 2016) (citation omitted). Thus, the allegations raised in the above-referenced filings were not subject to waiver. We do not, however, reach a similar conclusion in regard to the claim raised in Appellant's Answer to the PCRA Court's Notice of Intent to Dismiss the petition.

In *Commonwealth v. Rykard*, 55 A.3d 1177 (Pa. Super. 2012), we concluded that claims raised for the first time in response to a PCRA court's Rule 907 notice are not preserved for review unless petitioner seeks, and the PCRA court grants, permission to file an amended petition. *Id.* at 1192. Herein, Appellant did not request leave to amend his petition to assert his claim concerning the legality of his sentence under the Pennsylvania

Constitution and the PCRA court did not address the allegation. Accordingly, Appellant has not preserved the issue for our review.

For the above-stated reasons we affirm the order dismissing Appellant's PCRA petition. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/20